***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matter of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Harleysville Insurance Company is the carrier on the risk.
3. An employee-employer relationship existed between the parties at all relevant times.
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff began working as a parking gate attendant with defendant-employer in July 1999 at the age of 70. Plaintiff was assigned to work a controlled-access parking gate at Wake Medical Center.
2. Plaintiff did not collect money, but was required to verify the identity of drivers entering the lot. Plaintiff's assigned workstation was a small gatehouse, or booth, located approximately 10 to 15 feet from the gate, which required plaintiff to leave the gatehouse multiple times per day to check drivers in and out of the parking lot. When not attending the gate and checking cars, plaintiff was provided with a metal stool on which to sit inside the booth.
3. After beginning the job with defendant-employer, plaintiff began to experience pain in his left hip area, which he attributed to sitting on the hard, metal stool. On April 7, 2000, plaintiff informed his supervisor of his pain. Plaintiff did not return to work after April 7, 2000.
4. On April 25, 2000, plaintiff went to his primary care physician, Dr. Charles Cook, complaining of pain in his hip. Dr. Cook referred plaintiff to Dr. Frederick Benedict, an orthopaedic surgeon, for evaluation.
5. Dr. Benedict first saw plaintiff on May 1, 2000, at which time plaintiff had been out of work for three weeks. Dr. Benedict diagnosed plaintiff with degenerative arthritis of the left hip. Dr. Benedict assigned plaintiff work restrictions of no prolonged standing or walking, no ladder climbing, and no lifting over 20 pounds.
6. On May 30, 2000, Dr. Benedict saw plaintiff again. Plaintiff had not returned to work, but was taking Celebrex and feeling better. At that time, Dr. Benedict felt plaintiff could return to work under the restrictions, but plaintiff felt that if he did a lot of walking, his hip would hurt more. On July 12, 2000, Dr. Benedict made plaintiff's previous work restrictions permanent.
7. At his deposition, Dr. Benedict stated that there were not many treatment options he could offer plaintiff. Dr. Benedict felt plaintiff's pain was not severe enough to perform cortisone injections or surgery. Dr. Benedict doubted that the type or design of stool on which plaintiff sat was a substantial contributing factor in the aggravation or acceleration of plaintiff's symptoms. Dr. Benedict stated, "just sitting in a normal chair getting up a hundred times a day probably was as much a factor as anything." Dr. Benedict's opinion was that plaintiff was more likely at an increased risk of developing an aggravation of his arthritic condition than members of the general public. He also stated that getting up and down a couple hundred times per day was not an activity to which the general public was equally exposed. Additionally, Dr. Cook testified that plaintiff was at an increased risk of injury to his left hip because of his pre-existing arthritis in that hip, but he did not testify that plaintiff was at an increased risk of injury to his left hip because of his employment.
8. Based upon the competent medical evidence of record, plaintiff's degenerative arthritis of the left hip preexisted his job with defendant-employer. This pre-existing condition was aggravated by plaintiff's job duties, which required repetitive sitting and walking. However, plaintiff did not present evidence that his arthritis was characteristic of or peculiar to his employment.
9. While the medical evidence shows that plaintiff's job placed him at an increased risk of aggravating his pre-existing arthritis, neither Dr. Cook nor Dr. Benedict offered an opinion that plaintiff's job placed him at a increased risk of contracting or developing degenerative arthritis of the left hip than the general public not so employed.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In order to establish an occupational disease under N.C. Gen. Stat. § 97-53(13), a claimant must show that the employment exposed him or her to a greater risk of contracting the disease than the public generally.Rutledge v. Tultex Corp., 308 N.C. 85, 301 S.E.2d 359 (1983). In addition, the claimant must show that the employment significantly contributed to, or was a significant causal factor in, the development of the disease. Hardin v. Motor Panels, Inc., 136 N.C. App. 351,524 S.E.2d 368, disc. rev. denied, 351 N.C. 473, 543 S.E.2d 488 (2000). Where the condition was aggravated but not originally caused by the claimant's employment, a claimant must show that the employment placed him at a greater risk for contracting or developing the condition.Futrell v. Resinall Corp., 151 N.C. App. 456, 566 S.E.2d 181 (2002),aff'd per curiam, 357 N.C. 158, 579 S.E.2d 269 (2003); Norris v. DrexelHeritage Furnishings, Inc., 139 N.C. App. 620, 534 S.E.2d 259 (2000),cert. denied, 353 N.C. 378, 547 S.E.2d 15 (2001).
2. In the present case, plaintiff's employment aggravated a pre-existing degenerative arthritic condition. However, plaintiff did not present medical evidence that his employment with defendant-employer placed him at an increased risk of contracting or developing degenerative arthritis of the left hip as compared to the general public not so employed. See, Futrell v. Resinall Corp., supra; Norris v. DrexelHeritage Furnishings, Inc., supra. Accordingly, plaintiff has failed to establish that he contracted an occupational disease within the meaning of N.C. Gen. Stat. § 97-53(13).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Defendants shall pay the costs.
This 29th day of July 2005.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER